# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

PEATRAL SMITH

      Plaintiff,

vs.

HELP AT HOME OF FLORIDA, LLC
a Florida Limited Liability Company

      Defendant.
_____/

CASE NO.:

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PEATRAL SMITH ("Ms. Smith" or "Plaintiff"), by and through her undersigned counsel, files this complaint against Defendant, HELP AT HOME OF FLORIDA ("HH" or "Defendant") and alleges the following:

1. Plaintiff brings these claims for sex/pregnancy discrimination and retaliation in violation of Title VII ("Title VII"), the Pregnancy Discrimination Act ("PDA"), and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") to recover from Defendant back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## JURISDICTION

2. This Court has original jurisdiction over Plaintiff's claims as they arise under federal law pursuant to Title VII and the PDA, and the actions giving rise to this lawsuit occurred in Sarasota County, Florida.

3. The Court has supplemental jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's PDA and Title VII claims that it forms part of the same case or controversy.

## CONDITIONS PRECEDENT

4. On or around July 15, 2021, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

5. The Charge has remained with the EEOC and FCHR for more than one-hundred and eighty (180) days and is now ripe for filing under the FCRA.

6. On or around March 6, 2023, the EEOC sent Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within ninety (90) days of her receipt of same.

7. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

## VENUE

8. Venue is proper because Defendant conducts substantial business in Sarasota County, Florida, and Plaintiff worked for Defendant in Sarasota County,

Florida, where the actions at issue took place.

## PARTIES

9. During all times relevant, Plaintiff worked for Defendant in Sarasota County, Florida.

10. Plaintiff is protected by the Title VII, PDA, and FCRA, because:

    a. She was a pregnant female who suffered discrimination because of her sex/pregnancy by Defendant; and

    b. She suffered an adverse employment action and was fired because of her sex/pregnancy, by Defendant and her objections to sex/pregnancy discrimination and/or requests for accommodation for her pregnancy.

11. Defendant was at all material times an "employer" as defined by Title VII, the PDA, and FCRA as it employed in excess of fifteen (15) employees, collectively.

12. Defendant is a Florida Limited Liability Company that operates in, among other places, Sarasota County, Florida.

## GENERAL ALLEGATIONS

13. Ms. Smith worked as a Home Health Aide for HH from September 15, 2021, until her unlawful and retaliatory termination November 22, 2021.

14. Ms. Smith was an exceptional employee, with no significant history of attendance, performance or disciplinary issues.

15. In the beginning of October 2021, Ms. Smith learned she was pregnant.

16. Ms. Smith swiftly informed HH's Scheduling Department, including Allison Palaskei.

17. Ms. Smith requested the reasonable accommodation of working assignments that would not overly tax her physically.

18. Ms. Smith's request for accommodation is considered "protected activity" under Title VII and the FCRA.

19. HH initially accommodated Ms. Smith by scheduling her with light duty clients or clients who needed a ride or standby assistance.

20. On November 18, 2021, however, HH scheduled Ms. Smith with a bedbound client who weighed 230+ pounds and who could not bear any weight.

21. Ms. Smith informed HH, and HH sent somebody to relieve Ms. Smith.

22. Just a few days later, on November 22, 2021, HH informed Ms. Smith that it was removing her from the schedule entirely, and that Ms. Smith could not work with any restrictions or limitations whatsoever.

23. HH's refusal to accommodate Ms. Smith in any way violated the PDA and the FCRA.

24. It is clear that Defendant terminated Plaintiff as a result of her sex, pregnancy and retaliation for objecting to same/requesting reasonable accommodations.

25. Defendant saw Plaintiff's pregnancy, sex, and objections to unlawful discrimination/requests for accommodation were seen as problematic and utilized same as a major factor in its decision to terminate her.

26. Plaintiff's firing constitutes an adverse employment action as defined by the PDA, Title VII, and FCRA.

27. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties with reasonable accommodation.

28. Plaintiff's reasonable accommodation was not unduly burdensome to Defendant.

29. Defendant does not have a non-discriminatory and non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

30. Plaintiff suffered damages, including, but not limited to, lost wages, benefits, compensatory damages, and emotional distress, as a result of Defendant's actions.

31. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF THE PDA AND TITLE VII

32. Plaintiff realleges and adopts the allegations contained in paragraphs 1-

32 as if fully set forth in this Count.

33. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the PDA and Title VII.

34. The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy.

35. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

36. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

37. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Title VII and the PDA.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## COUNT II
## SEX/PREGNANCY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

38. Plaintiff realleges and adopts the allegations contained in paragraphs 1-

32 as if fully set forth in this Count.

39. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sex/pregnancy discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

40. The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy and her objections to pregnancy discrimination/requests for reasonable accommodation.

41. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

42. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

43. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## COUNT III:
## RETALIATION UNDER TITLE VII/PDA BASED ON PREGNANCY

44. Plaintiff realleges and adopts the allegations contained in paragraphs 1-

36 as if fully set forth in this Count.

45. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing pregnancy discrimination and requesting reasonable accommodations under Title VII of the Civil Rights Act of 1964, as amended. *See* 42 U.S.C. § 2000e *et seq*.

46. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal pregnancy discrimination and he requests for reasonable accommodation.

47. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

48. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

49. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

50. Plaintiff has no plain, adequate or complete remedy at law for the

actions of Defendant, which have caused, and continue to cause, irreparable harm.

## COUNT IV
## RETALIATION UNDER THE FCRA BASED ON PREGNANCY

51. Plaintiff realleges and adopts the allegations contained in paragraphs 1-32 as if fully set forth in this Count.

52. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing pregnancy discrimination and requesting reasonable accommodations under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

53. The discrimination to which Plaintiff was subjected was based solely on her sex/pregnancy and her objections to pregnancy discrimination/requests for reasonable accommodation.

54. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

55. The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

56. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff demands trial by jury, reemployment/reinstatement, back pay, unpaid wages, front pay if reinstatement

and/or reemployment is not possible, compensatory damages, punitive damages if permitted to be pled, and attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted on this 2nd of June 2023.

By: **/s/ *Noah E. Storch***
Noah Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Ste 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorney for the Plaintiff*